# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| DE'ANDRE LAMAR THOMAS, | ) | CASE NO. 7:18CV00344 |
|    Petitioner, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD CLARK, | ) | By: Hon. Norman K. Moon |
|    Respondent. | ) | Senior United States District Judge |

De'Andre Lamar Thomas, a Virginia inmate proceeding *pro se*, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on a judgment in the Pittsylvania County Circuit Court. After review of the record, the court will dismiss the petition as untimely.

## I.

On January 5, 2011, the Pittsylvania County Circuit Court convicted Thomas of two counts of robbery, one count of burglary, and two counts of use of a firearm in commission of a felony.[1] The court sentenced him to sixty-eight years' imprisonment, with forty-five years suspended. Thomas appealed to the Court of Appeals of Virginia but was unsuccessful. Thomas' attorney then failed to perfect his direct appeal to the Supreme Court of Virginia. Thomas filed a state habeas petition in the Supreme Court of Virginia seeking permission to file a delayed direct appeal in that court. The court refused the petition.

## II.

On June 27, 2018, Thomas filed the current petition, alleging that trial counsel was ineffective for failing to investigate mitigating factors that could have produced a different outcome at trial and sentencing.

---

[1] Except for one of the robbery counts, Thomas pled guilty to all counts. He went to trial on that charge and was convicted.

**III.**

Thomas' claim is time-barred. Under the Anti-terrorism Effective Death Penalty Act (AEDPA), a one-year period of limitation for federal habeas corpus runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A petitioner can "toll" the federal habeas statute of limitation in two ways: statutory tolling and equitable tolling. Section 2244(d)(2) tolls the federal limitation period during the time in which "a properly filed application for State post-conviction or other collateral review . . . is pending." Meanwhile, equitable tolling occurs only if a petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544, U.S. 408, 418 (2005)).

The circuit court sentenced Thomas on February 14, 2011, and Thomas' direct review proceedings concluded when the Court of Appeals of Virginia denied his appeal on September 7, 2011. Thomas failed to properly appeal to the Supreme Court of Virginia; therefore, his judgment became final on October 7, 2011, when the time for appeal to the Supreme Court of Virginia expired. *See* Va. Sup. Ct. R. 5:9(a) (requiring a petitioner to file a notice for appeal within thirty days of the entry of judgment); *Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012) (holding that, under § 2244(d)(1)(A), the judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires"). Thomas had one year (365

days) from October 7, 2011 to file his § 2254 petition; the limitations period expired on October 7, 2012.

At some point after his direct appeal proceedings concluded, Thomas filed a state habeas petition seeking permission to file a delayed direct appeal. Thomas did not include the dates of that proceeding. Instead, he attached a March 2013 letter from counsel in which counsel apologized for his failure to properly perfect the appeal to the Supreme Court. Counsel also advised Thomas on how to file a petition for a writ of habeas corpus in the state court. Although the date of Thomas' state habeas petition is unknown, nearly seven years have passed since the statute of limitations began to run. Even allowing for an unheard-of five-year statutory tolling period for any associated state collateral proceedings, Thomas' petition would still be time-barred. Regardless, Thomas acknowledges in the current petition that the Supreme Court of Virginia *sua* dismissed his state habeas action as untimely; therefore, it was not "properly filed" within the meaning of § 2244(d)(2) and would not have tolled the federal habeas limitations period.

Thomas also fails to demonstrate that he is eligible for equitable tolling. He argues that the current petition should be substituted for his direct appeal and that his attorney's errors provide cause for procedural default.[2] However, procedural default and the statute of limitations are different. Only extraordinary circumstances will equitably toll a lapsed AEDPA time period, and attorney error usually is not an extraordinary circumstance. *Rouse v. Lee*, 339 F.3d 238, 248

---

[2] Also, Thomas has not alleged a colorable claim of actual innocence. A colorable claim of actual innocence can serve as a "gateway" to secure the adjudication of an otherwise unreviewable claim. *Schlup v. Delo*, 513 U.S. 298, 315 (1995). Thomas does not cite *Schlup* or *McQuiggin v. Perkins*, 569 U.S. 383 (2013) and he does not present any new compelling evidence unavailable at trial or on appeal. *See Burket v. Angelone*, 208 F.3d 172, 183 n.10 (4th Cir. 2000) (finding that as petitioner bears burden to raise actual innocence, a court need not consider either if not asserted by petitioner).

(4th Cir. 2003) (collecting cases holding that attorney error, including miscalculation of appeal timelines, does not present extraordinary circumstances beyond a party's control). Thomas also argues that his claim is a constitutional violation and should not be time-barred. In this case, Thomas' underlying claim has no bearing on whether or not his petition is time-barred.

Lastly, "ignorance of the law is not a basis for equitable tolling," and Thomas fails to demonstrate reasonable diligence in pursuing his rights and that extraordinary circumstances prevented his timely filing. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004); *United States v. Berry*, No. 3:09cr00019-1, 2013 WL 150319, at *2 (W.D. Va. Jan. 14, 2013) (collecting cases) ("Reliance on the difficulties inherent in prison life is insufficient to demonstrate equitable tolling."). Therefore, the court will dismiss the petition as time-barred.

## IV.

For the reasons stated, the court will dismiss Thomas' petition for a writ of habeas corpus. The petition is time-barred. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Thomas.

ENTERED: This  23rd  day of July, 2018.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE